UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| QUAYLAIN BROWN | : |
| VERSUS | : CIVIL ACTION NO.: 6:24-cv-01494-SMH-DJA |
| CITY OF ABBEVILLE, ET AL | : JUDGE HICKS, MAG. JUDGE AYO |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**MEMORANDUM IN SUPPORT OF RE-URGED MOTION TO DISMISS PENALTY, PUNITIVE, OR EXEMPLARY DAMAGES**

MAY IT PLEASE THE COURT:

Defendants, the CITY OF ABBEVILLE and CHIEF MICHAEL HARDY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF ABBEVILLE, erroneously referred to as "Mike Hardy," respectfully request that their Re-urged Motion to Dismiss Penalty, Punitive, or Exemplary Damages be granted by this Honorable Court for the following reasons:[1]

**STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[2] In considering such a motion, the district court must accept all well-pleaded facts as true and view them in the light most

---

[1] Movers originally filed a Motion to Dismiss on January 31, 2025 [Doc. 5]; however, the matter was stayed pending resolution of the criminal prosecution against co-defendant, Shawna Miguez [Doc. 43]. Thereafter, by Order dated September 16, 2025, this Honorable Court struck all pending motions, including Doc. 65, stating that the motion could be re-urged upon lifting of the stay [Doc. 44]. The stay was lifted by Order of the Court on December 1, 2025 [Doc. 46]. Movers file the current Re-urged Motion to Dismiss Penalty, Punitive or Exemplary Damages and pray for dismissal of plaintiff's claims for failure to state a claim upon which relief can be granted.

[2] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

favorable to the plaintiff.[3]

Also, the principle of having the court accept all well-pleaded facts as true and in a light most favorable to plaintiff is subject to some limitations. As explained by the Fifth Circuit court:

> First, conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.1982) citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir .1974); *Collins*, 224 F.3d at 498. Moreover, **courts "are not bound to accept as true a legal conclusion couched as a factual allegation**." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (emphasis ours).[4]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[5] The plaintiff's obligation is "to provide the 'grounds' of his 'entitlement to relief' [and] requires more than mere labels and conclusion," and a formulaic recitation of the elements of a cause of action will not do.[6] The allegations must be sufficient "to raise a right to relief above the speculative level"; "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[7] If a plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[8]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content

---

[3]*McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992).

[4]*Lawrence v. Morris*, 2010 WL 1434288, at 2 (W.D. La. Mar. 16, 2010), report and recommendation adopted, 2010 WL 1434286 (W.D. La. Apr. 8, 2010).

[5]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

[6]*Id.* at 1964-1965 citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 2944, 92 L. Ed. 2d 209 (1986).

[7]*Id.* at 1965 citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004).

[8]*Id.* at 1974.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[11]

## LAW AND ARGUMENT

The recoverability of punitive damages under Section 1983 or any other federal cause of action is the jurisprudential result of a federal cause of action. This Court's attention is respectfully directed to the United States Supreme Court case of *City of Newport v. Fact Concerts, Inc.*, 101 S.Ct. 2748 (1981), which unequivocally holds that a municipality is immune from punitive damages under §1983. In its extensive analysis of the immunity of a municipal corporation from punitive damages at common law, the Supreme Court reviewed the rationale of a number of cases prior to 1871, which unanimously denied such damages against a municipal corporation, including the Louisiana Supreme Court case *McGary v. President & Council of the City of Lafayette,* 12 Rob. 668 (La. 1846), stating:

> In *McGary*, for example, the Louisiana Supreme Court refused to allow punitive damages against the City of Lafayette despite the malicious acts of its municipal officers, who had violated an injunction by ordering the demolition of plaintiff's house. Reasoning that the officials' malice should not be attributed to the taxpaying citizens of the community, the court explained its holding:

---

[9] *Twombly*, 7 U.S. at 555.

[10] *Iqbal*, 556 U.S. 678.

[11] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir. 2008).

> 'Those who violate the laws of their country, disregard the authority of courts of justice, and wantonly inflict injuries, certainly become thereby obnoxious to vindictive damages. These, however, can never be allowed against the innocent. . .'

After determining that there was no evidence that Congress intended to disturb this previously well-settled immunity, the court then examined the considerations of public policy, holding:

> Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct. (citations omitted). Regarding retribution, it remains true that an award of punitive damages against a municipality 'punishes' only the taxpayers who took no part in the commission of the tort. ... Indeed punitive damages imposed on a municipality are in effect a windfall to a fully-compensated plaintiff, and are likely accompanied by an increase in taxes or a reduction of public services for the citizens footing the bill. Neither reason nor justice suggests that such retribution should be visited upon the shoulders of the blameless or unknowing taxpayers. *City of Newport, supra.* at 2759, 2760.

In *Lewis v. Goodie*, 798 F. Supp. 382, 391 (W.D. La. 1992), the Western District of Louisiana followed *Newport*, and held that, "The City of Breaux Bridge has immunity from punitive damage awards under federal law." Thus, plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages against the City of Abbeville, and any such claim for relief under federal law should be dismissed.

In this case, it is not alleged that the Chief Michael Hardy acted in any way personally or in his individual capacity to violate the civil rights of any plaintiff. Chief Hardy adopts by reference, as if incorporated herein *in extenso*, all of the law and arguments asserted in his Motion to Dismiss plaintiff's §1983 constitutional claims asserting claims under the 4th, 5th, and 14th Amendments as failing to state a claim upon which relief can be granted, which is being filed this date.

Additionally, since Chief Hardy was acting in the discharge of his official duties for the City of Abbeville, a finding of punitive damages against him would be tantamount to a finding against the City of Abbeville, and therefore, the holding of *City of Newport v. Fact Concerts, Inc., supra.* also applies as to him. *Kentucky v. Graham*, 473 U.S. 159, 166, 87 L. Ed. 2d 114, 105 S.Ct. 3099 (1985), citing *Monel v. New York City Department of Social Services*, 436 U.S. 658, 690 n. 55, 56 L. Ed. 2d 611, 98 S.Ct. 2018 (1978). This Court has recognized the immunity of officers acting in their official capacity before in other decisions of the Western District of Louisiana generally, and more specifically, in the case of "Joseph Jinks vs. Ronald McDaniel, et al," Civil Action Number 00-2132-LC of this Court. In addition, as Judge Doherty has previously ruled in the case of *Simmons v. City of Mamou*, 2009 WL 3294977 (W.D. La. 2009), a Motion to Dismiss is properly granted in favor of a defendant-officer named in his official capacity. Thus, plaintiff's claim for punitive damages against Chief Hardy in his official capacity is likewise unavailable and must be dismissed.

Plaintiff seeks an award of punitive damages [Doc. 1, ¶188(g)]; however, Plaintiff cannot recover punitive damages against the City of Abbeville, a political subdivision of the State of Louisiana, nor against Chief Hardy under Title VII of the Civil Rights Act of 1964, because Title VII plaintiffs may not recover punitive damages against governments, government agencies, or political subdivisions. 42 U.S.C. §1981(a)(b).

Under 42 U.S.C. §1981(a)(1), a complaining party may recover compensatory and punitive damages against an employer who engaged in unlawful intentional discrimination prohibited under the Civil Rights Act of 1964 [42 U.S.C. § 2000e-5]. However, 42 U.S.C. §1981(b)(1) specifically excludes governments, government agencies, and political subdivisions,

like the CITY OF ABBEVILLE, from the "employers" whom punitive damages may be recovered. In *Oden*, the Fifth Circuit reversed the district court's "plain error" in assessing punitive damages against the Sheriff for violation of Title VII, because §1981(a) prohibits punitive damage awards against governments and political subdivisions, and the award was inapposite to Congress's intent to preclude local government entities from paying such judgments. *Oden v. Oktibbeh County*, 246 F.3d 458, 471 (5th Cir.), *cert. denied*, 534 U.S. 949 (2001). Therefore, any claims for punitive or exemplary damages against Movers for allegedly violating Title VII of the Civil Rights Act of 1964 should be DISMISSED.

Finally, plaintiff's Complaint fails to state a claim for punitive damages against Movers under Louisiana state law. It is well settled under Louisiana state law that punitive damages are not allowed in civil cases unless specifically provided for by statute. *Vincent vs. Morgan's Louisiana & T.R. & S.S. Co.*, 140 La. 1027, 74 So. 541 (1917); *American Steel Building Co. vs. Brezner*, 158 So. 2d 623 (La. App. 3 Cir. 12/3/1963); *Scamardo vs. Dunaway*, 94-545 (La. App. 5 Cir. 2/15/95), 650 So. 2d 417. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *International Harvester Credit Corp. v. Seale,* 518 So. 2d 1039, 1041 (La. 1988).

Here, plaintiff seeks an award of exemplary damages under La. C.C. art. 2315.11; however, the clear wording of that code article precludes such an award against Movers. La. C.C. art. 2315.11(B) reads: "The provisions of this Article shall be applicable ***only*** to the perpetrator of the sexual assault." Accordingly, because there is no specific statutory provision for an award of punitive damages under the facts presented herein, plaintiff has no claim for punitive, special or exemplary damages against Movers under Louisiana law. Moreover, the Supremacy Clause of

the United States Constitution, Article VI, Section 2, requires that this Honorable Court be bound by decisions of the U.S. Supreme Court, and therefore, all claims for punitive, special or exemplary damages against Movers under both state and federal law should be dismissed.

For the above reasons, defendants, the CITY OF ABBEVILLE and CHIEF MICHAEL HARDY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF ABBEVILLE, erroneously referred to as "Mike Hardy," respectfully request that the request for punitive damages by plaintiff herein be entirely dismissed under both state and federal law.

BORNE, WILKES & RABALAIS, L.L.C.

BY:    s/Joy C. Rabalais
   JOY C. RABALAIS (26476), T.A.
   JORDAN JOHN HENAGAN (36206)
   GRANT R. SCHEXNAILDER (40040)
   HUNTER B. AHIA (40251)
   200 West Congress Street, Suite 1000
   Post Office Box 4305
   Lafayette, Louisiana 70502-4305
   Telephone: (337) 232-1604 Ext. 232
   Facsimile: (337) 232-1837
   E-mail: rabalais@bornewilkes.com

ATTORNEYS FOR the CITY OF ABBEVILLE and CHIEF MICHAEL HARDY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF ABBEVILLE, erroneously referred to as "Mike Hardy"